reasonably should have known; that is, harassment about which it would have learned if it had exercised reasonable care or made a reasonably diligent inquiry. In Decedent's situation, the obvious nature of the harassment was sufficient to put Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT on notice that it was occurring.

54.    In addition, as alleged above, officials of Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT, including two administrators specifically designated to respond to sexual and gender-based harassment complaints, received actual notice of the conduct via multiple reports made by Plaintiff and Decedent. These included reports to the Vice Principal by both Plaintiff and Decedent during Decedent's sixth-grade year and at various points during his seventh-grade year; reports to the Principal by Plaintiff and Decedent's grandmother during his seventh-grade year; reports to both the Principal and the Vice Principal made at the time of, and stated as the basis for, Decedent's placement on independent study in both seventh and eighth grade, as well as upon Decedent's return from independent study in the seventh grade; visits by Decedent to the main office on at least two occasions during his seventh-grade year; Decedent's report to his P.E. teacher; and the direct observation and discipline report by a security officer.

## The Department Of Education And The Department Of Justice Investigation

55.    Based on an administrative complaint Decedent's mother, Plaintiff WENDY WALSH, made on October 28, 2010, both the Civil Rights Division of the U.S. Department of Justice and the Office for Civil Rights of the U.S. Department of Education conducted an investigation regarding the treatment of Decedent SETH WALSH by Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT and its officers, agents and employees. The Case Numbers are DOJ Case No. DJ 169-11E-38 amd OCR Case No. 09-11-1-31.  The "Student" referred to in said report is Decedent SETH WALSH.

The "District" referred to in said report is Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT. The "School" referred to in said report is the Jacobsen Middle School.

56. By letter and report dated June 30, 2011, both the U.S. Department of Justice and the U.S. Department of Education stated and concluded:

> Based on the evidence gathered, OCR and DOJ (collectively, the "United States") concluded the District violated Title IX of the Education Amendments of 1972 (Title IX) and it's implementing regulations and Title IV of the Civil Rights Act of 1964 (Title IV). Specifically, the United States found that the Student suffered sexual and gender-based harassment by his peers, including harassment based on his nonconformity with gender stereotypes; that the harassment was sufficiently severe, pervasive, and persistent to interfere with his educational opportunities; and that despite having notice of the harassment, the District did not adequately investigate or otherwise respond to it.[1]
>
> [1]   DOJ further finds that the District's failure to adequately investigate or otherwise respond to the harassment constitutes deliberate indifference.

The letter and report further concluded:

> Based on the above facts and analysis, the United States concludes that the Student was subjected to persistent, pervasive, and often severe sex-based harassment that resulted in a hostile educational environment of which the District had notice, and that the district failed to take steps sufficient to stop the harassment, to prevent its recurrence, or to eliminate the hostile environment. Although the District's Sexual Harassment Policy and Regulation are consistent with the law with respect to sexual harassment, the

District did not adhere to its own policy in addressing the multiple forms of notice it receive with regard to the treatment of the Student.

In order to resolve the District's identified noncompliance with Title IX and Title IV, the District voluntarily entered into the attached Resolution Agreement. The United States has determined that, when implemented, the Resolution Agreement will resolve the issues in this complaint. Therefore, the United States in closing this complaint as of the date of this letter. The United States will monitor the implementation of the enclosed Resolution Agreement and may reopen the investigation if the District does not comply with the Agreement.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

### FIRST CAUSE OF ACTION

**Failure to Prevent the Student-on-Student Harassment and Teacher-on-Student Harassment of Decedent on the Basis of Decedent's Sex, Gender, and Sexual Orientation, in Violation of Plaintiff's rights under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 – 1688, pursuant to Davis Next Friend LaShonda D. v. Monroe County Board of Education, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (student-on-student sexual harassment), Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998) (teacher-on-student sexual harassment), and Flores v. Morgan Hill Unified School Dist., 324 F.3d 1130,  (9th Cir. 2003) (students' right under Title IX to be free from discrimination on the basis of sexual orientation was clearly established).**

**[By Plaintiff In Her Capacity As Decedent's Successor In Interest Against Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT.]**

57.     Plaintiff realleges and incorporates by reference paragraphs 1 through 56, inclusive, as though fully set forth herein.

58.     Plaintiff WENDY WALSH asserts this cause of action in her capacity as the successor in interest of Decedent SETH WALSH.

59.     In engaging in and performing the acts, omissions and conduct alleged above, and satisfying the test set forth in Davis Next Friend LaShonda D. v. Monroe County Board of Education, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (student on student sexual harassment), Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998) (teacher on student sexual harassment), and Flores

v. Morgan Hill Unified School Dist., 324 F.3d 1130,  (9th Cir. 2003) (students' right under Title IX to be free from discrimination on the basis of sexual orientation was clearly established), officials of Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT, who at a minimum had authority to address the alleged harassment alleged herein, and to institute corrective measures on the behalf of Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT, had knowledge of the student-on-student and teacher-on-student harassment and discrimination alleged herein and failed adequately to respond; and, indeed were deliberately indifferent to the harassment and discrimination. Further, said harassment and discrimination was so severe, pervasive, and objectively offensive that it effectively barred Decedent access to one or more educational opportunities or benefits.

60.    Said deliberate indifference caused Decedent "'to undergo harassment or make her liable or vulnerable to it,'" Stanley v. Trustees of California State University, 433 F.3d 1129, 1137 (9th Cir. 2006) (quoting Davis Next Friend Lashonda D. V. Monroe County Board Of Education, 526 U.S. 629, 645, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)).

61.    Moreover, the response of Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT to the sexually harassing and discriminatory conduct alleged herein was, "'clearly unreasonable in light of the known circumstances,'" Oden v. Northern Marianas College, 440 F.3d 1085, 1089 (9th Cir. 2006) (quoting Davis Next Friend Lashonda D. V. Monroe County Board Of Education, 526 U.S. 629, 648, 119 S.Ct. 1661, 1674, 143 L.Ed.2d 839 (1999)), cert. denied, 127 S.Ct. 108, 166 L.Ed.2d 32 (2006)).

62.    As a result, said acts, omissions and conduct are actionable against Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT under 20 U.S.C. § 1681 – 1688, pursuant to the decisions in, inter alia, Davis Next Friend Lashonda D. V. Monroe County Board Of Education, 526 U.S. 629, 633, 119 S.Ct. 1661, 1666, 143 L.Ed.2d 839 (1999).

63.    As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Decedent incurred, and Plaintiff is entitled to recover, general and special damages, including but not limited to  severe emotional injuries and distress, medical expenses, and significant educational detriment.

64.    As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff was forced to stop attending school for his own safety.  As a result, Plaintiff suffered severe educational detriment.

65.    Plaintiff is entitled to recover her attorneys' fees from Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT pursuant to 20 U.S.C. §§ 1681 - 1688, and 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**Violation of Decedent's Rights under the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, and Fitzgerald v. Barnstable School Committee, 555 U.S. 246, 129 S.Ct. 788, 172 L.Ed.2d 582 (2009).**

**[Against all Defendants, in their individual capacities only, except Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT.]**

66.    Plaintiff realleges and incorporates by reference paragraphs 1 through 56, and 58 through 65, inclusive, as though fully set forth herein.

67.    Plaintiff WENDY WALSH asserts this cause of action in her capacity as the successor in interest of Decedent SETH WALSH.

68.   In engaging in and performing the acts, omissions and conduct alleged above, the individual Defendants performed acts, omissions and conduct under color of state law that discriminated against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment, and such discrimination was either intentional or occasioned by deliberate indifference.  Said acts, omissions and conduct are actionable under 42 U.S.C. § 1983 pursuant to the decisions in, inter alia, Fitzgerald v. Barnstable School Committee, 555 U.S. 246, 129 S.Ct. 788, 172 L.Ed.2d 582 (2009), Flores v. Morgan Hill Unified School District, 324 F.3d 1130, 1135 (9th Cir. 2003), and Michelle M. v. Dunsmuir Joint Union School District, 2006 WL 2927485, at *6 (E.D. Cal. 2006).

69.   In addition, in engaging in and performing the acts, omissions and conduct alleged above, Defendants DOES 1 through 100, inclusive, performed acts, omissions and conduct under color of state law that deprived Decedent of his rights under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 - 1688, and such discrimination was either intentional or occasioned by deliberate indifference.  Said acts, omissions, and conduct are actionable under 42 U.S.C. § 1983 pursuant to the decisions in, inter alia, Fitzgerald v. Barnstable School Committee, ___ U.S. ___, 129 S.Ct. 788, 172 L.Ed.2d 582 (2009), Cartwright v. Regents of University of California, 2009 WL 2190072, at *6 - *7 (E.D. Cal. 2009), Padula v. Morris, 2009 WL 772801, at *2 (E.D.Cal. Mar 18, 2009), Annamaria M v. Napa Valley Unified School Dist., 2006 WL 1525733, at *7 (N.D. Cal. 2006), O.H. v. Oakland Unified School Dist., 2000 WL 33376299, at *15 (N.D. Cal. 2000), Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., 964 F.Supp. 1369, 1379-1381 (N.D. Cal. 1997), and Oona R.-S. by Kate S. v. Santa Rosa City Schools, 890 F.Supp. 1452, 1461-1462 (N.D. Cal. 1995), see Gonzaga University v. Doe, 536 U.S. 273, 284, 122 S.Ct. 2268, 2275,153 L.Ed.2d 309 (2002) ("We have recognized, for example, that Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 create individual rights because those statutes are phrased 'with an unmistakable focus on the benefited class.'"), Communities for Equity v. Michigan High

School Athletic Ass'n, 459 F.3d 676, 691 (6th Cir. 2006), Delgado v. Stegall, 367 F.3d 668, 675 (7th Cir. 2004), Crawford v. Davis, 109 F.3d 1281, 1284 (8th Cir. 1997), Seamons v. Snow, 84 F.3d 1226, 1234 (10th Cir. 1996).

70.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Decedent incurred, and Plaintiff is entitled to recover, general and special damages, including but not limited to severe emotional injuries and distress, medical expenses, and significant educational detriment.

71.     The aforementioned conduct of the individual Defendants, was done maliciously, oppressively and with an intent to injure Plaintiff and/or in conscious disregard for the rights and safety of Dededent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

72.     Plaintiff is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

///
///
///
///
///
///
///
///
///
///

## THIRD CAUSE OF ACTION

**Violation of Defendants of Plaintiff's own rights under the First and Fourteenth Amendments to the United States Constitution to a familial relationship and companionship with Decedent, resulting in the death of Decedent and the termination of said relationship, pursuant to 42 U.S.C. §§ 1983, 1988.**

**[Against all Defendants, in their individual capacities only, except Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT.]**

73.    Plaintiff realleges and incorporates by reference paragraphs 1 through 56, 58 through 65, and 67 through 72, inclusive, as though fully set forth herein.

74.    Plaintiff asserts this Third Cause of Action for the violation by Defendants of her own right under the First and Fourteenth Amendments to the United States Constitution to a familial relationship and companionship with Decedent pursuant to 42 U.S.C. § 1983, in her individual capacity.

75.    In engaging in the actions alleged above, Defendants, and each of them, were deliberately indifferent to, or acted with reckless disregard of, and were deliberately indifferent to, Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution to a familial relationship and companionship with, resulting in the death of Decedent and the termination of said relationship.

76.    As a direct and proximate result of the wrongful acts and omissions of Defendants and each of them, as alleged hereinabove, Defendants have deprived Plaintiff of the life of Decedent.  Thus, Plaintiff is entitled to recover wrongful death damages for the loss of: (a) the value of the financial support Decedent would have contributed to

1  Plaintiff; (b) the loss of gifts or benefits that Plaintiff could have expected to receive from
2  Decedent; (c) funeral and burial expenses; (d) the reasonable value of household services
3  that Decedent would have provided; and (e) the loss of Decedent's love, companionship,
4  comfort, care, assistance, protection, affection, society, and moral support.

5

6      77.    The aforementioned conduct of the individual Defendants was done
7  maliciously, oppressively and with an intent to deprive Plaintiff of her right to a familial
8  relationship with the Decedent, such that an award of exemplary and punitive damages
9  should be imposed against said individual Defendants in an amount to be proven at trial.

10

11                        **FOURTH CAUSE OF ACTION**

12  **Violation Of The Sex Equity In Education Act, California Education Code §§ 221.5 -**
13                                  **231.5.**

14

15      **[Against Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT.]**

16

17      78.    Plaintiff realleges and incorporates by reference paragraphs 1 through 56, 58
18  through 65, 67 through 72, and 74 through 77, inclusive, as though fully set forth herein.

19

20
21      79.    Plaintiff WENDY WALSH asserts this cause of action in her capacity as the
22  successor in interest of Decedent SETH WALSH.

23

24      80.    In engaging in and performing the acts, omissions and conduct alleged above,
25  Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT violated the Sex Equity In
26  Education Act, California Education Code §§ 221.5 – 231, when considered in conjunction
27  with the entire chapter on "Educational Equity," see California Education Code §§ 200
28  through 283.

81.   Said acts, omissions and conduct are actionable against Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT pursuant to California Education Code §§ 262.3, 262.4, and the decisions in Annamaria M v. Napa Valley Unified School District, 2006 WL 1525733, at *11 (N.D. Cal. 2006), and C.N. v. Wolf, 410 F.Supp.2d 894, 903-04 (C.D. Cal. 2005).

82.   As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Decedent incurred, and Plaintiff is therefore entitled to recover, general and special damages.

## FIFTH CAUSE OF ACTION

**Violation Of The Unruh Civil Rights Act, California Civil Code § 51, And/Or California Civil Code § 51.5.**

**[Against all Defendants.]**

83.   Plaintiff realleges and incorporates by reference paragraphs 1 through 56, 58 through 65, 67 through 72, 74 through 77, and 79 through 82, inclusive, as though fully set forth herein.

84.   Plaintiff WENDY WALSH asserts this cause of action in her capacity as the successor in interest of Decedent SETH WALSH

85.   Pursuant to the decisions in, inter alia, Davison ex rel. Sims v. Santa Barbara High School Dist., 48 F.Supp.2d 1225, 1232-33 (C.D. Cal. 1998) (Moreno, J.); Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., 964 F.Supp. 1369, 1388 (N.D. Cal. 1997); Doe By and Through Doe v. Petaluma City School Dist., 830 F. Supp.

1560, 1581-82 (N.D. Cal. 1993); Sullivan By and Through Sullivan v. Vallejo City Unified School Dist., 731 F. Supp. 947, 952 (E.D. Cal. 1990); see Analysis of SB 612 for the Senate Floor dated August 9, 1994; California Civil Practice Civil Rights Litigation, § 10:6 (Thomson/West 2006), Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT is a "business establishment" within the meaning of the Unruh Act, California Civil Code § 51 and California Civil Code § 51.5.

86.   In engaging in and performing the acts, omissions and conduct alleged above, and satisfying the test set forth in, e.g., Davison ex rel. Sims v. Santa Barbara High School Dist., 48 F.Supp.2d 1225, 1232-33 (C.D. Cal. 1998) (Moreno, J.); Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., 964 F.Supp. 1369, 1388 (N.D. Cal. 1997); Doe By and Through Doe v. Petaluma City School Dist., 830 F. Supp. 1560, 1581-82 (N.D. Cal. 1993); Sullivan By and Through Sullivan v. Vallejo City Unified School Dist., 731 F. Supp. 947, 952 (E.D. Cal. 1990), Defendants violated, or aided or incited a denial, or made a discrimination or distinction contrary to, the Unruh Act, California Civil Code § 51, and/or California Civil Code § 51.5.

87.   In engaging in and performing the acts, omissions and conduct alleged above, Defendants DOES 1 through 100, inclusive, aided or incited a denial, or made a discrimination or distinction contrary to the Unruh Act, California Civil Code § 51 and California Civil Code § 51.5, and are therefore liable for said acts, omissions and conduct pursuant to California Civil Code § 52(a).

88.   As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff incurred, and is entitled to recover, general and special damages.

89.    Pursuant to California Civil Code §§ 51, 51.5, 52(a), Plaintiff is entitled to recover from Defendants, and each of them, Decedent's actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court in addition thereto.

90.    Defendants DOES 1 through 100, inclusive, are statutorily liable pursuant to California Government Code § 820 for the damages and injuries to Plaintiff caused by their negligent conduct.

91.    Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT is statutorily liable pursuant to California Government Code § 815.2 for the negligent conduct of Defendants DOES 1 through 100, inclusive.

## SIXTH CAUSE OF ACTION

**Negligence pursuant to California Government Code §§ 815.2, 815.6, 820.**

### [Against All Defendants.]

92.    Plaintiff realleges and incorporates by reference paragraphs 1 through 56, 58 through 65, 67 through 72, 74 through 77, 79 through 82, and 84 through 91, inclusive, as though fully set forth herein.

93.    Plaintiff WENDY WALSH asserts this cause of action in her capacity as the successor in interest of Decedent SETH WALSH

94.    Defendants had a duty to take all reasonable steps to protect their students, including Decedent.

95.    In engaging in and performing the acts, omissions and conduct alleged above, Defendants negligently breached their duty to take all reasonable steps to protect Decedent.

96.    Defendants SUPERINTENDENT SWANSON, SUSAN ORTEGA, MR. KAMINSKY, MS. KIRBY, MS. HAIGHT, MRS. KABONIC, MR. FEEHAN, and DOES 1 through 100, inclusive, are liable for their breach of duty pursuant to California Government Code § 820(a).

97.    Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT is liable for the negligent conduct of Defendants SUPERINTENDENT SWANSON, SUSAN ORTEGA, MR. KAMINSKY, MS. KIRBY, MS. HAIGHT, MRS. KABONIC, MR. FEEHAN, and DOES 1 through 100, inclusive, pursuant California Government Code § 815.2(a).

98.    In addition, In engaging in and performing the acts, omissions and conduct alleged above, Defendant TEHACHAPI UNIFIED SCHOOL DISTRICT failed to perform one or more mandatory duties, within the meaning of California Government Code § 815.6, including but not limited to:

(a)    its mandatory duty to prevent student-on-student and teacher-on-student harassment in violation of Plaintiff's rights under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 – 1688;

(b)    its mandatory duty to protect students from discrimination and harassment, pursuant to the Sex Equity in Education Act, California Education Code §§ 221.5 – 231, when considered in conjunction with

the entire chapter on "Educational Equity," <u>see</u> California Education Code §§ 200 through 283;

(c)   its mandatory duty to protect students from harassment pursuant to the Unruh Civil Rights Act, California Civil Code § 51, and California Civil Code § 51.5;

(d)   its mandatory duty to protect students generally, pursuant to Article I, Section 28(c) of the California Constitution; and

(e)   its mandatory duty to protect students generally, under California Education Code § 44807 and California Code of Regulations, Title 5, § 5552.  <u>See</u> <u>M.W. v. Panama Buena Vista Union School Dist.</u>, 110 Cal.App.4th 508, 520-521, 1 Cal.Rptr.3d 673, 681-682 (5th Dist. 2003).

99.   As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Decedent incurred, and Plaintiff is therefore entitled to recover, general and special damages.

///
///
///
///
///
///
///
///

## SEVENTH CAUSE OF ACTION
### Wrongful Death under California law.

### [Against All Defendants.]

100.   Plaintiff realleges and incorporates by reference paragraphs 1 through 56, 58 through 65, 67 through 72, 74 through 77, 79 through 82, 84 through 91, and 93 through 99, inclusive, as though fully set forth herein.

101.   Plaintiff asserts this Seventh Cause of Action for Wrongful Death Under California Law capacity pursuant to California Code of Civil Procedure § 377.60.

102.   As alleged above, on the afternoon of on or about September 19, 2010, as an actual, legal and proximate result of **all** of the harassment alleged herein, and as an actual, legal and proximate result of **all** of the reckless, deliberately indifferent, negligent and other wrongful acts and omissions of Defendants, and each of them, alleged herein, Decedent hanged himself from a tree. Decedent was discovered and cut down by his mother and his younger brother.  After being in a coma for over a week, Decedent died on or about September 28, 2010.

103.   For the reasons alleged above and incorporated herein by reference, Defendants, and each of them, are responsible for the wrongful death of Decedent under California law. Thus, Plaintiff is entitled to recover wrongful death damages for the loss of: (a) the value of the financial support Decedent would have contributed to Plaintiff; (b) the loss of gifts or benefits that Plaintiff could have expected to receive from Decedent; (c) funeral and burial expenses; (d) the reasonable value of household services that Decedent would have provided; and (e) the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

## PRAYER

WHEREFORE, Plaintiff seeks damages as follows:

(1)   General damages.

(2)   Special damages.

(3)   Medical expenses.

(4)   Damages for Decedent's emotional distress.

(5)   Wrongful death damages for the loss of: (a) the value of the financial support Decedent would have contributed to Plaintiff; (b) the loss of gifts or benefits that Plaintiff could have expected to receive from Decedent; (c) funeral and burial expenses; (d) the reasonable value of household services that Decedent would have provided; and (e) the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

(6)   With regard to the claim under the Unruh Civil Rights Act, California Civil Code § 51, and/or California Civil Code § 51.5, Plaintiff's actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court in addition thereto, pursuant to California Civil Code §§ 51, 51.5, 52(a).

(7)     Punitive and exemplary damages against the individual defendants.

(8)     Attorneys' fees.

(9)     Costs of suit incurred herein.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED:  July 5, 2011                                      RODRIGUEZ & ASSOCIATES


                                                          By: _____
                                                              DANIEL RODRIGUEZ, ESQ.
                                                              Attorneys for Plaintiff WENDY WALSH,
                                                              individually and as Successor-in-Interest to
                                                              SETH WALSH, Deceased