5895.047

Michael Kellar (SBN 80251)
ROBINSON & KELLAR
3434 Truxtun Avenue, Suite 150
Bakersfield, CA 93301
Tel. (661) 323.8277 / Fax (661) 323.4205
Email: *michaelckeller@aol.com*

Attorneys for Defendants Tehachapi Unified School District,
Dr. Richard Swanson, Susan Ortega, and Paul Kaminski

Daniel P. Barer (SBN 150812)
Girard Fisher (SBN 54007)
POLLAK, VIDA & FISHER
11150 W. Olympic Boulevard, Suite 980
Los Angeles, CA 90064-1839
Tel. (310) 551-3400 / Fax:   (310) 551-1036
Email:  *dpb@pvandf.com*

Attorneys for Defendant Tehachapi Unified School District

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA (BAKERSFIELD)

| | |
|---|---|
| WENDY WALSH, individually and as Successor-in-Interest to S. W., Deceased, <br><br>Plaintiff<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT; SUPERINTENDENT SWANSON; SUSAN ORTEGA; MR. KAMINSKY; MS. KIRBY; MS. HAIGHT; MRS. KABONIC; MR. FEEHAN; and DOES 1 through 100, Inclusive,<br><br>Defendants.<br>_____ | CASE NO. 1:11-CV-01489-LJ0-JLT<br><br>*[Assigned to U.S. District Judge Lawrence J. O'Neill;  U.S. Magistrate Judge Jennifer L. Thurston]*<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.     In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order")  Confidential information is information which has not been made public and which concerns or relates to (1) students or former students of Tehachapi Unified School District (TUSD); and (2) TUSD employee personnel matters or the identity of employees or officers of TUSD.

2.     By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.     Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.     Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter

LAW OFFICES OF
POLLAK, VIDA
& FISHER

-2-
STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION

"Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

POLLAK, VIDA
& FISHER

-3-
STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION

6. Depositions shall be taken only in the presence of "qualified persons."

7. The parties may also seek, by stipulation or court order, a further designation of certain discovery material or testimony as "Attorney's Eyes Only Material." To obtain a court order designating material as Attorney's Eyes Only Material, the party seeking the designation must show that (a) the material is confidential, and (b) specific harm may result from disclosing the material to persons other than those listed below in this paragraph. If that party makes this showing, the party opposing the designation shall have the burden of showing that the burden of the designation on the party's ability to pursue or defend the case outweighs the harm of disclosing the material. If material is designated Attorney's Eyes Only Material, it, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court. The party

seeking the filing of Confidential Material shall first obtain an order for the sealing the material pursuant to Local Rules 141 and 141.1(e).

10.     In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.     This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

11.1 Timing of Challenges.

Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11.2.   Meet and Confer.

The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the

basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this protective order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

   11.3  Judicial Intervention.

  If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion

1 brought pursuant to this provision must be accompanied by a competent declaration
2 affirming that the movant has complied with the meet and confer requirements
3 imposed by the preceding paragraph.  The burden of persuasion in any such
4 challenge proceeding shall be on the designating party.  Frivolous challenges, and
5 those made for an improper purpose (e.g., to harass or impose unnecessary expenses
6 and burdens on other parties) may expose the challenging party to sanctions.  Unless
7 the designating party has waived the confidentiality designation by failing to file a
8 motion to retain confidentiality as described above, all parties shall continue to
9 afford the material in question the level of protection to which it is entitled under the
10 producing party's designation until the court rules on the challenge.

12.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

14.     If a party produces information in discovery  without designating that information as confidential, the party may subsequently make a claim that the information is confidential.  The party making the claim of confidentiality may

1 notify any party that received the information of the claim and the basis for it.  After
2 being notified, a party must promptly sequester, return, or destroy the specified
3 information and any copies the party has; must not use or disclose the information,
4 except in the manner set forth in paragraphs 1-13 above, until the claim is resolved;
5 must take reasonable steps to retrieve the information if the party disclosed it before
6 being notified; and may promptly present the information to the court under seal for
7 a determination of the claim pursuant to the procedures in Local Rule 141.  The
8 producing party must preserve the information until the claim is resolved.

10     Upon termination of this case, counsel for the parties shall assemble and
11 return to each other all documents, material and deposition transcripts designated as
12 confidential and all copies of same, or shall certify the destruction thereof.

14     SO STIPULATED:

16                       RODRIGUEZ & ASSOCIATES

18                       By:_____/S/_____
                              John A. Kawai
19                       Attorneys for Plaintiff, Wendy Walsh

21                       ROBINSON & KELLAR

23                       By:_____/S/_____
                              Michael C. Kellar
24                       Attorneys for Defendants Tehachapi
                      Unified School District, Dr. Richard Swanson,
25                       Susan Ortega, and Paul Kaminski

1  POLLAK, VIDA & FISHER

2

3  By:_____/S/_____
                    Daniel P. Barer

4                     Attorneys for Defendant Tehachapi
                    Unified School District

5

6  **ORDER**

7  IT IS SO ORDERED.

8  Dated:  **January 23, 2012**             **/s/ Jennifer L. Thurston**

9                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in Wendy Walsh v. Tehachapi Unified School District, United States District Court for the Central District of California, Civil Action No. 1:11-CV-01489-LJO-JLT, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____
xxx