**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDY WALSH, et al., <br><br>        Plaintiffs, <br><br>    v. <br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al., <br><br>        Defendants. | Case No.: 1:11-cv-01489  LJO  JLT <br><br>ORDER APPOINTING WENDY WALSH AS GUARDIAN AD LITEM FOR MINOR Sh. W. <br><br>(Doc. 34) |

On April 27, 2012, Plaintiff Wendy Walsh ("Plaintiff") filed an application requesting appointment as guardian ad litem for "Sh. W.," a minor who seeks to pursue a claim against the defendants. (Doc. 34). For the following reasons, Plaintiff's application to be appointed as guardian ad litem is **GRANTED**.

**I.     Relevant Procedural History**

Plaintiff initiated this action seeking to recover damages individually and as a successor-in-interest to decedent S.W. on July 5, 2011, in Kern County Superior Court. (Doc. 1 at 1). On August 3, 2011, Plaintiff filed her First Amended Complaint. (Docs. 1-3, 1-4). Plaintiff raised the following causes of action: (1) failure by the School District to prevent sex, gender, and sexual orientation based harassment in violation of Title IX of the Education Amendments Act of 1972; (2) discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States

1

Constitution; (3) deprivation of familial relationship and companionship in violation of the First and Fourteenth Amendments of the United States Constitution; (4) discrimination in violation of the equal protection provision of the California Constitution and California's Sex Equity in Education Act; (5) violation of California's Unruh Civil Rights Act; (6) negligence in violation of California Government Code sections 815.2, 815.6, and 820; (7) wrongful death; and (8) bystander emotional distress. (Doc. 1-4 at 2-17). Defendants filed a notice of removal on September 2, 2011, thereby commencing the action in this Court. (Doc. 1 at 1).

On October 28, 2011, the Court dismissed several causes of action with leave to amend. (Doc. 18). Accordingly, Plaintiff filed a Second Amended Complaint against the defendants remaining in the action on April 27, 2012, and Sh. W. alleged negligent infarction of emotional distress against the defendants. (*Id.*) Therefore, Plaintiff also filed an application to be appointed as guardian ad litem for Sh. W. (Doc. 34).

## II.    Legal Standard

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id.*

The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Sh. W. is domiciled in California, and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and

citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

### III. Discussion

Sh. W. is the son of Plaintiff, and was born on February 21, 1999. (Doc. 34 at 2). Because Sh. W is under the age of eighteen, he is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem.

Upon review of the Second Amended Complaint, it does not appear there are adverse interests. Although Plaintiff is pursuing claims on behalf of herself as well as Sh.W. in this action, the claims are not in conflict. Therefore, Plaintiff's appointment as guardian ad litem for her son is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

### IV. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Plaintiff has divergent interests, and as such she may be appointed to represent the interests of her son. Therefore, the Court is acting within its discretion to grant Plaintiff's application.

Accordingly, **IT IS HEREBY ORDERED**:

1. The application for appointment of Wendy Walsh as guardian ad litem for Sh. W. is **GRANTED**; and
2. Wendy Walsh is appointed to act as guardian ad litem for plaintiff Sh. W., and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated:  **April 30, 2012**         /s/ Jennifer L. Thurston
                         UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28