UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY WALSH, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al.,<br><br>          Defendants.<br>_____/ | Case No. 1:11-cv-01489 LJO JLT<br><br>ORDER VACATING HEARING AND REQUESTING SUPPLEMENTAL BRIEFING |

  Pending before the Court is Defendants Tehachapi Unified School District ("School District"), Susan Ortega ("Ms. Ortega"), and Paul Kaminski's ("Mr. Kaminski's") (collectively "Defendants'") motion for summary judgment.  The Court has reviewed the parties' submissions filed in connection with this matter and requests supplemental briefing on the following issue.

  In their motion, Defendants maintain that Plaintiffs Wendy Walsh ("Ms. Walsh") and Sh. W. (collectively "Plaintiffs") may not recover for negligent infliction of emotional distress to a bystander because the California Supreme Court stated in Thing v. La Chusa, 48 Cal. 3d 644 (1989) that "[c]lose relatives who witness the accidental injury or death of a loved one and suffer emotional trauma may not recover when the loved one's conduct was the cause of that emotional trauma." Id. at 667.  From Defendants' perspective, there is no dispute that Ms. Walsh's son's own decision to hang himself was

1

the cause of Plaintiffs' emotional trauma and therefore Plaintiffs cannot recover emotional distress for the trauma arising from the death.

Defendants' argument is cursory and places undue reliance on a sentence that is arguably only dicta. Nevertheless, Defendants' argument does implicate a key issue: proximate cause.[1] This Court has already explained in a prior order what is required to establish proximate cause in the context of a suicide or suicide attempt. (See Doc. 18 at 12-14.) In short, a plaintiff must show that the defendant's negligence caused the suicidal person to have an "*uncontrollable* impulse to commit suicide." Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009) (emphasis added). "[W]here the negligent wrong only causes a mental condition in which the injured person is able to realize the nature of the act of suicide and has the power to control it if he so desires, the act then becomes an independent intervening force and the wrongdoer cannot be held liable for the death." Id. (quoting Tate v. Canonica, 180 Cal. App. 2d 898, 900 (Ct. App. 1960)).

As the record now stands, there is no evidence that Ms. Walsh's son suffered an *uncontrollable* impulse to commit suicide. It is undisputed that on the day of his suicide, Ms. Walsh's son was being harassed by other kids at a park. However, Ms. Walsh's son did not appear to be especially distraught over the matter and gave no indication that he had any suicidal tendencies. In fact, according to Ms. Walsh's own testimony, prior to the suicide she never thought her son suffered any mental illness or had any suicidal impulses. And when Ms. Walsh's son did commit suicide, his suicide note seems to suggest that he fully realized the nature of his actions.

Having fully flushed this issue out (something that Defendants, quite frankly, did not do), the Court will give Plaintiffs a final chance to offer *evidence* that Ms. Walsh's son had an *uncontrollable* impulse to commit suicide. Plaintiffs' briefing shall be limited to 6 pages and shall be filed and served by no later than **Tuesday, July 30, 2013**.[2] Defendants may file a response, limited to 5 pages, by no later than **Friday, August 2, 2013**. Finally, because the Court finds Defendants' motion for summary

---

[1] To the extent that Defendants fall short in meeting their initial burden on summary judgment on this issue, the Court finds it appropriate to raise this issue on its own in light of the state of the evidentiary record, as discussed below. See Fed. R. Civ. P. 56(f)(3).

[2] Evidence attached as exhibits will not count towards the page limitation.

judgment to be suitable for decision without oral argument, the Court hereby VACATES the July 25, 2013 hearing currently scheduled for this matter and takes it under submission on the papers pursuant to Local Rule 230(g).

IT IS SO ORDERED.

Dated:   **July 23, 2013**                              **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE