UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY WALSH, et al., | Case No. 1:11-cv-01489 LJO JLT |
| Plaintiffs, | PRELIMINARY RULING ON EVIDENTIARY OBJECTION[1] |
| v. | |
| TEHACHAPI UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

By order filed July 23, 2013, the Court ordered Plaintiffs to offer *evidence* that Decedent had an uncontrollable impulse to commit suicide. The Court explained that as the record currently stands, it appears that Decedent's suicide was volitional: Decedent did not appear to be particularly distraught on the day of his suicide; there was no indication that Decedent suffered any mental illness or had any prior suicidal impulses; and Decedent wrote a suicide note that seems to suggest that he fully realized the nature of his actions. If that was/is the case, the Court explained, Defendants would be entitled to summary judgment on Plaintiff's claims for negligent infliction of emotional distress to a bystander, as there is no evidence establishing proximate cause between Defendants' alleged negligent conduct and

---

[1] The Court is currently consumed by a jury trial. The Court anticipates a final order on Defendants' motion for summary judgment to be forthcoming in a week or so.

1

Decedent's act of suicide. See Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) ("[W]here the negligent wrong only causes a mental condition in which the injured person is able to realize the nature of the act of suicide and has the power to control it if he so desires, the act then becomes an independent intervening force and the wrongdoer cannot be held liable for the death.") (quoting Tate v. Canonica, 180 Cal. App. 2d 898, 900 (Ct. App. 1960)).

In response to the Court's order, Plaintiffs filed supplemental briefing and argued, among other things, that they had evidence showing that Defendants' negligent conduct caused Decedent to suffer an uncontrollable impulse to commit suicide. In particular, Plaintiffs offered a declaration from their expert, Dr. Lester M. Zackler ("Dr. Zackler"), wherein he asserts:

> 6. The opinions expressed in this Declaration are only a portion of my opinions with respect to this matter. I make this Declaration in opposition to Defendants' Motion for Summary Judgment as to Plaintiff Sh. W. [a]nd Partial Summary Judgment as to Plaintiff Wendy Walsh.
>
> 7. Based on my education, training and extensive clinical experience, as set forth in my curriculum vitae, and after reviewing the relevant records and deposition transcripts, it is my opinion, to a reasonable medical probability, that:
>
>   (a) Defendants' negligence did, in fact, cause Decedent to have an uncontrollable impulse to commit suicide;
>
>   (b) given Decedent's mental state caused by Defendants' negligence, Decedent did not realize the nature of the act of suicide; and
>
>   (c) given Decedents' mental state caused by Defendants' negligence, Decedent did not have the power to control the impulse to commit suicide if he so desired.

(Doc. 50-1 ¶¶ 6-7.)

Defendants now object to Dr. Zackler's declaration on the ground that it is entirely conclusory. At this time, and on this record, the Court must agree. There is no factual basis given for Dr. Zackler's medical opinion. In his declaration, Dr. Zackler simply lists various materials that he reviewed for this case, such as Decedent's suicide note and Decedent's school records, and then asserts that Defendants' conduct caused Decedent to suffer an uncontrollable impulse to commit suicide. No facts or reasoning is discussed. This is insufficient to withstand summary judgment. See United States v. Various Slot Machines, 658 F.2d 697, 700 (9th Cir. 1981) ("[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts."); accord Sitrick v. Dreamworks, LLC, 516 F.3d

993, 1001 (Fed. Cir. 2008) ("Conclusory expert assertions cannot raise triable issues of material fact on summary judgment.") (citation omitted).

Accordingly, Defendants' objection to Dr. Zackler's declaration in its present form shall be SUSTAINED.  At this time, Plaintiffs have not provided the Court any reason to believe that there is an adequate factual basis for Dr. Zackler's opinion.

IT IS SO ORDERED.

Dated:   **August 7, 2013**                             /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE